UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:22-cv-23482-PCH

RAFAEL HERNANDEZ, individually
and on behalf of all others similarly
situated,

    Plaintiff,

v.

HP Inc.,

    Defendant.
_____/

## ORDER GRANTING MOTION TO DISMISS

**THIS CAUSE** is before the Court on Defendant, HP, Inc.'s ("HP") Motion to Dismiss Plaintiff's First Amended Complaint [ECF No. 19], filed on March 29, 2023. Plaintiff Hernandez filed his Opposition [ECF No. 20] on April 12, 2023, to which HP filed a Reply [ECF No. 21] on April 19, 2023. Because the Amended Complaint again fails to state a cause of action, the Amended Complaint must be dismissed. Having considered the parties' submissions, the record, and applicable law and for the following reasons, the Motion is granted.

### I. BACKGROUND

Hernandez brings this class-action suit against HP based on an alleged battery-life shortcoming, i.e., longevity, with certain HP-manufactured laptop computers. Hernandez alleges eight causes of action. Hernandez withdrew several of these claims in his Opposition.[1] Remaining are four claims: violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"),

---

[1] Hernandez withdrew his claims for Breach of Implied Warranty, violation of the Magnuson Moss Warranty Act, Negligent Misrepresentation, Fraud, Unjust Enrichment, and Injunctive Relief. (Opp'n 1, n.1).

Violation of State Consumer Fraud Acts,[2] False and Misleading Advertising, and Breach of Express Warranty.

In or around November of 2020, Hernandez purchased an HP Pavilion 15 Series laptop with a lithium-ion battery ("Laptop") from walmart.com. Hernandez "relied on the sale of the [Laptop], words, terms coloring, descriptions, layout, placement, packaging, tags, and/or images on the [Laptop], on the labeling, statements, omissions, claims, and instructions, made by [HP] or at its directions, in digital, print and/or social media, which accompanied the [Laptop] and separately, through in-store, digital, audio, and print marketing." Am. Compl. ¶ 43.

Hernandez bought the Laptop because he "believed" and "expected" its components, including the battery, were adequately manufactured, designed, and tested so that it could reliably hold a charge and not drain after only a short period once disconnected from an external power source. Hernandez alleges that the Laptop's battery suffered premature failure and degradation after several months of normal use. This rendered the battery incapable of obtaining and maintaining its charge for any "reasonable" period of time, preventing and limiting his ability to use the Laptop.

Hernandez paid "approximately no less than $300" for the Laptop. He asserts that the Laptop was worth materially less than the value represented by HP. Hernandez "paid more for the Product than he would have had he known the batteries were only subjected to electrochemical characterization tests, focusing on macroscopic battery performance, instead of the occurrence of

---

[2] These claims include violations of the Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-1, *et seq.*; Georgia Fair Business Practices Act, Ga. Code Ann. § 10-1-390, *et seq.*; Mississippi Consumer Protection Act, Miss. Code Ann. § 75-24-1, *et seq.*; and Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101, *et seq.*

other defects which could and did cause battery failures, or would not have purchased it." *Id.* at ¶ 47.

## II. LEGAL STANDARDS

"To survive a motion to dismiss [under Federal Rule of Civil Procedure 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (alteration added; quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (alteration added; quoting *Twombly*, 550 U.S. at 555). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555 (alteration added; citation omitted). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (alteration added; citing *Twombly*, 550 U.S. at 556).

To meet this "plausibility standard," a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (alteration added; citing *Twombly*, 550 U.S. at 556). "The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (citation omitted), *abrogated on other grounds by Mohamad v. Palestinian Auth.*, 566 U.S. 449 (2012). When considering a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take its factual allegations as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (citing *SEC v. ESM Grp., Inc.*, 835 F.2d 270, 272 (11th Cir. 1988)).

## III. DISCUSSION

Case 1:22-cv-23482-PCH   Document 22   Entered on FLSD Docket 05/23/2023   Page 4 of 10

CASE NO. 22-23482-CIV-PCH

As indicated above, four of Hernandez's original claims remain: violation of the Florida Deceptive and Unfair Trade Practices Act, Violation of State Consumer Fraud Acts, False and Misleading Advertising, and Breach of Express Warranty. HP seeks to dismiss all remaining counts of the First Amended Complaint. The Court will address each claim in turn.

### A.   Florida Deceptive and Unfair Trade Practices Act ("FDUTPA")

Hernandez alleges that HP "misrepresented the [Laptop] through statements, omissions, ambiguities, half-truths and/or actions, that the [Laptop's] components were adequately tested to ensure performance and functioning under normal use conditions." Am. Compl. ¶ 63. HP argues that Hernandez's FDUPTA claim fails on each element, including that Hernandez (1) fails to plead any false or misleading statement; (2) fails to allege causation; (3) fails to allege a cognizable injury; and (4) fails to plead his claim with particularity. If HP is successful on any of its arguments, Hernandez's claim must fail.

A "deceptive" or "unfair" practice must be one that is "likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment." *Zlotnick v. Premier Sales Grp., Inc.*, 480 F.3d 1281, 1284 (11th Cir. 2007). Hernandez provides as basis for his claim HP's marketing "that the laptop's battery could keep him 'Powered up and productive. All day long' by providing not less than '7 hours and 45 minutes' of use." Opp'n 6. In the same sentence Hernandez quotes from his Amended Complaint, he states that HP specifies a battery life of "'*[u]p to* 7 hours and 45 minutes (wireless streaming)' [was] tested by HP under conditions meant to mirror expected operational usage." Am. Compl. ¶ 7 (emphasis added). Hernandez also includes in his Amended Complaint an image of an HP specification sheet which advertises that the Laptop's

battery life may last "*[u]p to* 7 hours and 45 minutes (wireless streaming)[.]"[3] *Id.* at ¶ 6. In in most applicable case upon which Hernandez relies, a court found that the "up to" language at issue was not deceptive as matter of law:

> "Up to" a certain number of cups of coffee would lead a reasonable consumer to expect that the actual number of coffee cups produced **could be less**. "Up to" is not a guarantee that the number of cups will be reached. . . . "Up to", without more, does not guarantee the specified amounts of cups.

*Sorin v. Folger Coffee Co.*, 2021 WL 5545292, at *2 (S.D. Fla. Mar. 5, 2021) (emphasis added).

As for Hernandez's argument that HP claimed "that the laptop's battery could keep him 'Powered up and productive. All day long'" and other generic statements, these too are not false or misleading statements. Opp'n 6. First, Hernandez concedes that HP states that "[a]ctual battery life will vary depending on configuration and maximum capacity will naturally decrease with time and usage." Am. Compl. ¶ 8. Second, Hernandez suggests that whether the language is false or misleading is a fact question. However, this Court dismissed a FDUTPA claim that, as here, was based upon an unreasonable interpretation of product advertising. *Davis v. Fresh Mkt., Inc.*, 2020 WL 3489369, at *4 (S.D. Fla. June 26, 2020).

Accordingly, Hernandez's FDUTPA claim is not based on a false or misleading statement and as such it must fail. HP also argues that Hernandez (1) fails to allege causation; (2) fails to allege a cognizable injury; and (3) fails to plead his claim with particularity. However, for the reasons above, the Hernandez's FDUTPA claim fails, and the Court need not address these arguments.

**B.** **Violation of State Consumer Fraud Acts**

---

[3] Hernandez has seemingly converted HP's "*up to* 7 hours and 45 minutes" of battery life language to "*not less than* 7 hours and 45 minutes." The phrase "not less than" does not appear anywhere that Hernandez has cited.

Hernandez brings a claim under the state consumer fraud acts of Alabama, Georgia, Mississippi, and Tennessee.[4] At issue is whether Hernandez properly alleges the elements of these claims and facts to support them and whether he has standing to bring these claims. If HP is successful on any of its arguments, Hernandez's claim must fail.

Hernandez wholly ignores HP's argument that he fails to plead the elements of, or facts to support, his non-Florida claims. For this reason alone, these claims fail. *See, e.g.*, *Melendez*, 2014 WL 6682535, at *7. Additionally, to the extent Hernandez attempted to plead the elements, he alleges that the various state acts are similar to FDUPTA. As determined above, Hernandez's FDUPTA claim cannot stand. As such, neither can his other state consumer fraud claims.

HP also argues that Hernandez lacks standing to bring claims (1) under state consumer protection laws that have no connection to his purchase; and (2) based on laptop models he did not purchase. However, while these arguments facially appear to be valid grounds for dismissal, , because the Court has determined that Hernandez failed to allege the elements and provide supporting facts for the state consumer fraud claims, it need not address HP's additional arguments. For the reasons stated above, Hernandez's state consumer fraud claims fail.

### C. False and Misleading Advertising

Regarding HP's contention that Hernandez's claim for False and Misleading Advertising should be dismissed, HP asserts five reasons why the claim should be dismissed. In his Opposition, Hernandez wholly ignores his False and Misleading Advertising claim and HP's arguments as to why the claim should fail. Thus, Hernandez abandons this claim. *See, e.g., U.S. ex rel. Osheroff*

---

[4] These claims include violations of the Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-1, *et seq.*; Georgia Fair Business Practices Act, Ga. Code Ann. § 10-1-390, *et seq.*; Mississippi Consumer Protection Act, Miss. Code Ann. § 75-24-1, *et seq.*; and Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101, *et seq.*

*v. Tenet Healthcare Corp.*, 2012 WL 2871264, at *9 (S.D. Fla. July 12, 2012) (dismissing claim because "failure to defend a claim in responding to a motion to dismiss results in the abandonment of that claim"). Therefore, Hernandez's false and misleading advertising claims fails.

### D. Breach of Express Warranty

HP asserts that Hernandez did not provide it pre-suit notice for its breach of warranty claim. Florida law requires that "[t]he buyer must within a reasonable time after he or she discovers or should have discovered any breach notify the seller of breach *or be barred from any remedy*[.]" Fla. Stat. § 672.607(3)(a) (emphasis added). Hernandez argues that (1) statutory notice was provided or was not needed; (2) HP's marketing of the laptops satisfies the express warranty claim; and (3) HP improperly disclaimed warranties. HP disputes Hernandez's arguments and also avers that Hernandez failed to identify any warranty provision that was breached and that HP's warranty prohibits the relief Hernandez seeks.

Hernandez first argues that he provided pre-suit notice to HP via the filing of the complaint in this matter. This Court has already rejected this very argument as insufficient to satisfy the pre-suit notice requirement of § 672.607(3)(a) due to "its lack of legal support." *Garcia v. Clarins USA, Inc.*, 2014 WL 11997812, at *7 (S.D. Fla. Sept. 5, 2014); *see also Cohen v. Implant Innovations, Inc.*, 259 F.R.D. 617, 625 (S.D. Fla. 2008) ("[T]he Court overrules Plaintiff's objection, which is unsupported by law, that the complaint . . . serve[s] as adequate notice to Defendant that the [product] did not conform to its alleged express warranty . . . ."). HP correctly asserts that "[Hernandez's] argument would defeat the very purpose of Florida's statutory notice requirement—to give HP the opportunity to address any issue before litigation." *See Valiente v. Unilever United States, Inc.*, No. 22-21507-CIV, 2022 WL 18587887, at *17 (S.D. Fla. Dec. 8, 2022) (dismissing warranty claim). And to state the obvious, it's called ***pre***-suit notice for a reason.

Next, Hernandez argues, in a lone parenthetical, that he was not required to provide pre-suit notice because Fla. Stat. § 672.607(3)(a) requires a buyer "notify the seller of the breach" and HP is the manufacturer rather than the seller. Hernandez cites one case to support this proposition and ignores the slew of decisions that have held otherwise.

The courts are not in agreement as to whether the notice requirement applies to the manufacturer of a product. Some courts find that the notice requirement does not apply to manufacturers based on the plain language of Section 672.607(3)(a), which requires the buyer to notify "the seller" of the breach.[5] Other courts find that a manufacturer is entitled to notice of a breach of express warranty under Florida's UCC.[6] This Court finds the latter line of cases more persuasive.

Interpreting Section 672.607(3)(a) in a manner that would not require notice to a manufacturer would defeat legislative intent. One of the primary purposes of Section 672.607(3)(a)'s notice requirement is "to avoid a rush to litigation and provide the defendant a seasonable opportunity to correct defects." In re FCA US LLC Monostable Elec. Gearshift Litig.,

---

[5] *See Toca v. Tutco, LLC*, 430 F. Supp. 3d 1323, 1323 (S.D. Fla. 2020) (citing *PB Prop. Mgmt., Inc. v. Goodman Mfg. Co.*, Case No. 3:12–cv–1366–HES–JBT, 2014 WL 12640371, at *3–4 (M.D. Fla. Aug. 14, 2014)); *Fed. Ins. Co. v. Lazzara Yachts of N. Am., Inc.*, No. 8:09–CV–607–T–27MAP, 2010 WL 1223126, at *5 (M.D. Fla. Mar. 25, 2010).

[6] *See Valiente v. Unilever United States, Inc.*, No. 22-21507-CIV, 2022 WL 18587887, at *16 (S.D. Fla. Dec. 8, 2022) (finding that manufacturer is entitled to notice of breach of express warranty under Florida's UCC); *In re FCA US LLC Monostable Elec. Gearshift Litig.*, 446 F. Supp. 3d 218, 226 (E.D. Mich. 2020) (same); *In re Big Heart Pet Brands Litig.*, Case No. 18-cv-00861-JSW, 2019 WL 8266869, at *7–8 (N.D. Cal. Oct. 4, 2019) (same); *In re Polaris Mktg., Sales Practices, & Prods. Liab. Litig.*, 364 F. Supp. 3d 976, 985 (D. Minn. 2019) (same) *Sebastian v. Kimberly-Clark Corp.*, CASE NO. 17cv442-WQH-JMA, 2017 WL 6497675, at *9 (S.D. Cal. Dec. 18, 2017) (same); *Lamb v. Graco Children's Prods., Inc.*, CASE NO. 4:11cv477-RH/WCS, 2012 WL 12871963, at *2 (N.D. Fla. Jan. 24, 2012) (same); *Jovine v. Abbot Labs.*, 795 F. Supp. 2d 1331, 1340 (S.D. Fla. 2011) (same); *Nichols v. Wm. Wrigley Jr. Co.*, No. 10–80759–CIV, 2011 WL 181458, at *4 (S.D. Fla. Jan. 19, 2011) (same).

446 F Supp. 3d at 226 (citing Gen. Matters, Inc. v. Paramount Canning Co., 382 So. 2d 1262, 1264 (Fla. Dist. Ct. App. 1980)). *See also Lamb*, 2012 WL 12871963, at *2 ("[T]he point of the notice requirement is to allow the warrantor an opportunity to cure the problem rather than defend a lawsuit."). Therefore, the Court finds that Hernandez was required to give notice to Defendant pursuant to Section 672.607(3)(a). Because he did not, this express warranty claim fails.

Hernandez next argues that the breach of warranty is based on advertising by HP. However, Hernandez ignores the language of HP's express warranty, which provides that it is the "COMPLETE AND EXCLUSIVE WARRANTY AGREEMENT" and "SUPERSED[ES] ANY PRIOR . . . ADVERTISEMENTS, OR OTHER REPRESENTATIONS—INCLUDING REPRESENTATIONS MADE IN HP SALES LITERATURE . . . ." (Warranty, ECF No. 19-2, at 3.) Plaintiff simply ignores this controlling language. See, e.g., PB Prop. Mgmt. Co. v. Goodman Mfg. Co., 2014 WL 12640371, at *2, *6 (M.D. Fla. Aug. 14, 2014) (dismissing express warranty claim because "Defendants' marketing and advertising statements—whether or not they are considered additional express warranties—are properly disclaimed in the limited warranty"). Likewise, the warranty spells out that it "does not cover changes in battery capacity or battery cycle life." (Warranty 3 "Product Specific Exclusions: Rechargeable Batteries"). Because Hernandez has failed to identify any warranty provision with which HP did not comply, his express warranty claim fails.

HP also argues that Hernandez's breach of warranty claim fails because he is not entitled to the relief he seeks. However, because the Court has determined that Hernandez (1) was required to and failed to provide pre-suit notice and (2) failed to identify any warranty provision that was breached, it need not address HP's additional arguments.

## IV. CONCLUSION

In dismissing the original complaint, the Court detailed the specific defects in that complaint and how to remedy them.  As indicated above, those defects remain in the Amended Complaint.  For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Defendant, HP's Motion to Dismiss **[ECF No. 19]** is **GRANTED**.  This case, including all remaining counts, is **DISMISSED with prejudice**.

**DONE AND ORDERED** in Miami, Florida, this 23rd day of May, 2023.

_____
**PAUL C. HUCK**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record